UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BENNIE MATHIS,

        Plaintiff,

v.

J. CHOKATOS, M.D., et al.

        Defendants.

CASE No. 1:12-cv-0329-LJO-MJS (PC)

ORDER DISMISSING PLAINTIFF'S COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM

(ECF No. 1)

AMENDED COMPLAINT DUE WITHIN THIRTY DAYS

    Plaintiff Bennie Mathis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    Plaintiff initiated this action on February 29, 2012. (Compl., ECF No. 1.) No other parties have appeared in this action. Plaintiff's Complaint is now before the Court for screening

**I.**     **SCREENING REQUIREMENT**

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

§ 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff is currently housed at North Kern State Prison. The majority of the events at issue in Plaintiff's Complaint occurred at Pleasant Valley State Prison ("PVSP"). Plaintiff appears to be alleging an Eighth Amendment claim for inadequate medical care against the following individuals: 1) J. Chokatos, medical doctor at PVSP, 2) J. Fortune, nurse practioner at PVSP, 3) A. Lonioro, chief executive officer at PVSP, and 4) L. D. Zamora, director level chief of appeals at California Correctional Health Care Services.

Plaintiff's alleged facts are difficult to understand. The Court will do its best to summarize Plaintiff's allegations as follows:

Defendants, one of whom is a neuro-specialist or neurosurgeon, violated Plaintiff's Fourteenth Amendment right to liberty under the Due Process Clause. Plaintiff needed

offsite medical care. Defendants acted with deliberate indifference to Plaintiff's medical need. Plaintiff's serious medical need was found by Dr. Calvin, a neuro-specialist. Defendants ignored Dr. Calvin's opinion and recommendation and deprived Plaintiff of his medical and disability rights.

Plaintiff asks for a declaratory judgment, preliminary injunction, an order that CDCR not retaliate against him, that his medical and disability accommodations be restored, and $10,000 in damages from each Defendant.

## III. ANALYSIS

### A. § 1983 Analysis

§ 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). § 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94, 109 S. Ct. 1865 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

### B. §1983 Linkage Requirement

Pursuant to § 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S. Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant,

through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948–49.

Plaintiff has not alleged facts demonstrating that any Defendant personally acted to violate his rights. Plaintiff will be given the opportunity to file an amended complaint curing the deficiencies in this respect.

### C.  Eighth Amendment - Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

Plaintiff has failed to allege a serious medical condition. He mentions that a doctor made recommendations that were not followed, but does not explain what medical condition he had that required medical treatment. Plaintiff does not say what the recommendations were or what medical condition, if any, they were to treat. Plaintiff has not met the first prong of a claim for inadequate medical care. Plaintiff will be given leave to file an amended complaint. In his amended complaint, he should he explain what medical conditions he suffered from and what the recommendation was for.

In addition to a serious medical condition, Plaintiff must also establish deliberate indifference. To show deliberate indifference, Plaintiff must show "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this

1  standard, the prison official must not only 'be aware of the facts from which the inference
2  could be drawn that a substantial risk of serious harm exists,' but that person 'must also
3  draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.
4  Ct. 1970 (1994)). "'If a prison official should have been aware of the risk, but was not, then
5  the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id.
6  (quoting Gibson v. Cnty. of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

7  Also, "a difference of opinion between a prisoner-patient and prison medical
8  authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon,
9  662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, Plaintiff "must
10 show that the course of treatment the doctors chose was medically unacceptable under
11 the circumstances . . . and . . . that they chose this course in conscious disregard of an
12 excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)
13 (internal citations omitted). A prisoner's mere disagreement with diagnosis or treatment
14 does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242
15 (9th Cir.1989).

16 Plaintiff has failed to allege sufficient facts to establish deliberate indifference.
17 Plaintiff makes a general statement that Defendants were deliberately indifferent to his
18 serious medical condition because they refused to follow a recommendation given by a
19 neuro-specialist. Plaintiff does not clearly explain what this recommendation was or why
20 ignoring it amounts to deliberate indifference.

21 Plaintiff has failed to state an Eighth Amendment claim for inadequate medical care.
22 Plaintiff will be given to leave to amend this claim. In his amended complaint, he should
23 explain what serious medical condition he was suffering from and how Defendants were
24 deliberately indifferent to this claim. Plaintiff should provide details of his medical care at
25 PVSP and should lay out his claims chronologically. Plaintiff should also review the
26 standard for an Eighth Amendment inadequate medical care claim before filing his
27 amended complaint.
28 ///

### D. Fourteenth Amendment

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

Plaintiff has not alleged that he was deprived of a liberty interest. He has failed to state a cognizable due process claim. He makes allegations regarding inadequate medical care but does not tie the allegations to any liberty interest.

Plaintiff will be given leave to amend this claim. In his amended complaint, Plaintiff should explain which, if any, hardship amounted to a deprivation of a specific liberty interest and when he was deprived of this interest.

### IV. CONCLUSION AND ORDER

Plaintiff's Complaint fails to state a claim upon which relief may be granted under § 1983. The Court will provide Plaintiff with the opportunity to amend to cure the deficiencies in his claim. Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, S. Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana,

Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's Complaint, filed February 29, 2012, is dismissed for failure to state a claim upon which relief may be granted under § 1983;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   July 30, 2012              /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE