# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNIE MATHIS, | CASE NO. 1:12-cv-329-LJO-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS FOR DENIAL OF MOTIONS FOR PRELIMINARY INJUNCTIONS |
| v. | |
| J. CHOKATOS, M.D., et al., | (ECF Nos. 9 & 10) |
| Defendants. | |

Plaintiff Bennie Mathis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff has filed two motions for injunctive relief. On April 17, 2012, he filed a motion asking that he be given an American with Disabilities Act ("ADA") vest that would notify people in the prison of Plaintiff's disability. (ECF No. 9.) On May 30, 2012, Plaintiff filed another motion for an ADA vest to prevent him from being subject to irreparable harm. (ECF No. 10.)

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon

-1-

a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S. Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S. Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04, 118 S. Ct. 1003 (1998). Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

At this stage in the proceedings, Plaintiff has not stated any claims for relief which are cognizable under federal law.[1] As a result, the Court has no jurisdiction at this time to award any preliminary injunctive relief. Further, assuming Plaintiff will be able to cure the deficiencies in his claims and set forth one or more viable federal claims, Plaintiff is not entitled to any relief that is not narrowly drawn to correct the violation of his rights at issue in this action. The constitutional and statutory requirements applicable to equitable relief preclude Plaintiff from entitlement to generalized relief. Assuming Plaintiff is able to state a viable claim in his amended complaint, such equitable relief, by its very nature, will not be sufficiently related to Plaintiff's underlying legal claim to satisfy the jurisdictional

---

[1] The Magistrate Judge dismissed Plaintiff's Complaint, with leave to amend, for failure to state a claim on July 31, 2012. (ECF No. 11.)

1  requirements that apply to federal courts.

2      The Court lacks jurisdiction to issue the orders sought.  Accordingly, the Court
3  hereby RECOMMENDS that Plaintiff's Motions for Preliminary Injunctions (ECF Nos. 9 &
4  10) be DENIED.

5      These Findings and Recommendations are submitted to the United States District
6  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).
7  Within fourteen (14) days after being served with these Findings and Recommendations,
8  any party may file written objections with the Court and serve a copy on all parties.  Such
9  a document should be captioned "Objections to Magistrate Judge's Findings and
10 Recommendations."  Any reply to the objections shall be served and filed within ten days
11 after service of the objections.  The parties are advised that failure to file objections within
12 the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Y1</u>
13 <u>st</u>, 951 F.2d 1153 (9th Cir. 1991).

17 IT IS SO ORDERED.

18 Dated:   August 20, 2012         /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE