# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

BENNIE MATHIS,

    Plaintiff,

v.

J. CHOKATOS, M.D., et al.

    Defendants.

    /

CASE No.   1:12-cv-0329-LJO-MJS (PC)

ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM

(ECF No. 13)

SECOND AMENDED COMPLAINT DUE WITHIN THIRTY DAYS

Plaintiff Bennie Mathis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. No other parties have appeared in this action.

Plaintiff initiated this action on February 29, 2012. (ECF No. 1.) The Court dismissed Plaintiff's original Complaint for failure to state a claim, but gave leave to amend. (ECF No. 11.) Plaintiff has since fled a First Amended Complaint. (ECF No. 13.) Plaintiff's First Amended Complaint is now before the Court for screening

-1-

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff is currently housed at San Quentin State Prison. The majority of the events at issue in Plaintiff's First Amended Complaint occurred at Pleasant Valley State Prison ("PVSP"). Plaintiff appears to assert claims under the Eighth and Fourteenth Amendments against the following individuals: 1) J. Chokatos, medical doctor at PVSP, 2) J. Fortune, doctor's assistant and nurse practitioner at PVSP, 3) A. Lonigro, chief executive officer at PVSP, and 4) L. D. Zamora, director level chief of appeals at California Correctional Health Care Services.

Plaintiff's allegations are not clear. Not all are included in the first Amended

Complaint, but instead appear dependent in large part on the attached exhibits.

The court summarizes all the allegations as best it can. Plaintiff's allegations are as follows:

Defendants violated Plaintiff's rights by failing to provide him with his prescribed treatment. (Am. Compl. at 3.) Since Plaintiff has a serious spinal condition, he was seen by a neurosurgeon who recommended that Plaintiff be housed in a single cell. (Id. at Ex. C.) On December 18, 2008, the neurosurgeon recommend that Plaintiff receive an "anterior cervical fusion." (Id. at Ex. D.) The neurosurgeon saw Plaintiff again on April 2, 2009, and asked the prison doctors to inform him if Plaintiff wished to undergo surgical intervention. (Id. at Ex. E.) The neurosurgeon saw Plaintiff again on October 8, 2009, and recommended that Plaintiff be single celled because of his condition and also stated that Plaintiff had indicated he did not wish to undergo surgery. (Id.)

Plaintiff was transferred from Folsom State Prison to PVSP on March 23, 2011. (Am. Compl. at 4.) Defendant Chokatos told Plaintiff on June 8, 2011 that Plaintiff would not receive certain recommended accommodations. (Id. at 4, 11.) On August 1, 2011, Defendant Fortune denied approval of Plaintiff's necessary surgery. (Id. at 4, 13.) Defendant Lonigro knew about Defendants Chokatos and Fortune's actions through the appeals process. (Id. at 6.) Defendant Lonigro could have intervened and provided Plaintiff with his necessary accommodations but did not. (Id.) Defendant Tamora reviewed Plaintiff's appeals at the director's level and failed to grant Plaintiff's appeals. (Id. at 9.)

Plaintiff asks for a declaratory judgment, preliminary injunction, for an order that CDCR not retaliate against him, that his medical and disability accommodations be restored, and for $15,000 in damages from each Defendant.

### III.   ANALYSIS

#### A.   42 U.S.C. § 1983 Analysis

42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). §

1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94, 109 S. Ct. 1865 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

### B. 42 U.S.C. §1983 Linkage Requirement

Pursuant to 42 U.S.C. § 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 556 U.S. at 677. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 676. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 676-677.

Plaintiff has again not alleged facts demonstrating that Defendant Lonigro personally acted to violate his rights. Plaintiff only alleges that Defendant Lonigro had supervisory authority and could have directed others at PVSP to provide Plaintiff with certain medical care and accommodations. Plaintiff has not alleged that Defendant Lonigro personally acted to violate Plaintiff's constitutional rights. Plaintiff will be given the opportunity to file an amended complaint curing the deficiencies in this respect.

### C. Eighth Amendment - Medical Care

Plaintiff alleges Defendants Chokatos, Fortune, and Zamora denied him adequate medical care.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

Plaintiff has failed to allege a serious medical condition. A spinal impairment requiring surgical fusion likely is a serious condition, but Plaintiff does not say whether that is the condition for which he sought accommodation at PVSP nor does he describe the conditions or the symptoms and limitation resulting from it. He does not directly explain what the disregarded recommendations were and why they were given. Plaintiff's reference to miscellaneous attached medical documents is not sufficient nor acceptable. If Plaintiff elects to amend, he must include all relevant facts in the body of the pleading itself. Plaintiff should explain what, if any, serious medical condition he is suffering from, what treatments or accommodations were denied to him, and why the accommodations or treatments were necessary.

In addition to showing a serious medical condition, Plaintiff must also establish deliberate indifference. To show deliberate indifference, Plaintiff must show "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825,

837, 114 S. Ct. 1970 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. Cnty. of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff has failed to allege sufficient facts to establish deliberate indifference. Plaintiff's simply makes conclusory statements that Defendants' actions reflected deliberate indifference; he does not allege facts from which the Court might determine whether Defendants acted with deliberate indifference. He does not explain any basis for determining whether Defendants were clearly of aware that he had a serious medical condition and acted deliberately indifferent to this condition. Plaintiff does not explain what medical recommendations were at issue or why ignoring them amounts to deliberate indifference.

Plaintiff has failed to state an Eighth Amendment claim for inadequate medical care. Plaintiff will be given one more chance to amend this claim. *In the body of his second amended complaint*, he should explain what serious medical condition he was suffering from and how Defendants were deliberately indifferent to this claim and explain his basis for so concluding. Plaintiff should provide details of his medical care at PVSP and should lay out his claims chronologically. Plaintiff should also review the standard for an Eighth Amendment inadequate medical care claim before filing his second amended complaint.

### D. Fourteenth Amendment

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

Plaintiff has again not alleged that he was deprived of a liberty interest and has failed to state a cognizable due process claim. He makes allegations regarding inadequate medical care but does not tie the allegations to any liberty interest.

Plaintiff will be given leave to amend this claim. In his amended complaint, Plaintiff should explain which, if any, hardship amounted to a deprivation of a specific liberty interest and when he was deprived of this interest.

## IV.    CONCLUSION AND ORDER

Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted under § 1983. The Court will provide Plaintiff with another opportunity to amend to cure the deficiencies in his claim. Lopez v. Smith, 203 F.3d at 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. 676-677. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff a complaint form;

2.    Plaintiff's First Amended Complaint, filed August 24, 2012, is dismissed for failure to state a claim upon which relief may be granted under § 1983;

3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.  If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: December 21, 2012           /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE